UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

           Plaintiff,

v.

           Civil No.
           Honorable
           Magistrate

SEVEN HUNDRED TWENTY-EIGHT
THOUSAND FIVE DOLLARS AND TWENTY-
SEVEN CENTS ($728,005.27) IN U.S. CURRENCY
FROM CITIZENS BANK OF MICHIGAN ACCOUNT
04536291935; SEVENTY-SIX THOUSAND ONE
HUNDRED THIRTY-SIX DOLLARS ($76,136) IN
U.S. CURRENCY; FOUR THOUSAND NINE HUNDRED
FORTY SIX (4,946) ASSORTED CELLULAR DEVICES
AND ELECTRONICS VALUED AT $410,600;
THREE HUNDRED SIXTY FIVE (365) ASSORTED
CELLULAR DEVICES VALUED AT $100,825; AND
TWENTY (20) ASSORTED CELLULAR DEVICES
VALUED AT $5,900,

           Defendants *in rem*.
_____/

## COMPLAINT FOR FORFEITURE

NOW COMES Plaintiff, the United States of America, by and through BARBARA L. McQUADE, United States Attorney for the Eastern District of Michigan, and GJON JUNCAJ, Assistant United States Attorney, and states upon information and belief in support of this Complaint for Forfeiture *in rem* that:

## JURISDICTION AND VENUE

1. This is an *in rem* civil forfeiture action pursuant to 18 U.S.C. §§ 981(a)(1)(A) and (C) resulting from violations of 18 U.S.C. §§ 1028, 1341, 1343, 1956 and 2314.

2. This Court has original jurisdiction over this proceeding pursuant to 28 U.S.C. § 1345 as this action is being commenced by the United States of America as Plaintiff and 28 U.S.C. § 1355(a), because this is a civil forfeiture proceeding.

3. This Court has *in rem* jurisdiction and venue over this forfeiture action, pursuant to 28 U.S.C. § 1355(b)(1)(A), as the acts giving rise to the forfeiture occurred in the Eastern District of Michigan.

4. Venue is also proper before this Court pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to the Government's claims occurred in the Eastern District of Michigan.

5. Venue is also proper before this Court pursuant to 28 U.S.C. § 1395(b) as the Defendants *in rem* were found and seized in the Eastern District of Michigan.

## DEFENDANTS *IN REM*

6. The Defendant *in rem* consists of the following:

   A. Seven Hundred Twenty-Eight Thousand Five Dollars and Twenty-Seven Cents ($728,005.27) in U.S. currency from Citizens Bank of

2

Michigan Account 04536291935, held in the name of iBuy Express, Inc. and/or Nadine Patto, seized on or about April 9, 2013, by the United States Secret Service pursuant to the execution of a Federal Seizure warrant;

      B.     Seventy-Six Thousand One Hundred Thirty-Six Dollars ($76,136.00) in U.S. currency seized on or about April 10, 2013 at 10XXX Telegraph Road, Taylor, Michigan, by the United States Secret Service, pursuant to the execution of a Federal Search and Seizure warrant;

      C.     Four Thousand Nine Hundred Forty Six (4,946) Assorted Cellular Devices and Electronics Valued at $410,600, seized on or about April 10, 2013, at 79XX Beech Daly Road, #1XX, Taylor, Michigan, by the United States Secret Service, pursuant to the execution of a Federal Search and Seizure warrant, and being more particularly described as follows:

- (3,780) Samsung A157 Go Phone Cellular Phones
- (644) US Cellular Prepaid Cellular Phones
- (314) Verizon Unlimited GUST02 Cellular Phones
- (101) Apple iPhone 4S Cellular Phones
- (47) Apple iPhone 5 Cellular Phones
- (18) Samsung Galaxy S III Cellular Phones
- (19) Samsung Galaxy Note II Cellular Phones
- (7) HTC One Cellular Phones
- (5) HTC New Castle Cellular Phones
- (1) HTC 8X Cellular Phone
- (1) 60" Sharp Aquos LED Television
- (1) HP Touchsmart 320 Computer

- (7) Apple iPad 2 Tablets
- (1) Blackberry Z10 Cellular Phone

D. Three Hundred Sixty Five (365) Assorted Cellular Devices Valued at $100,825, seized on or about April 9, 2013 at 28XXX W. 5M Center Drive, Romulus, Michigan, by the United States Secret Service, pursuant to the execution of a Federal Search and Seizure warrant, and being more particularly described as follows:

- (171) Apple iPhone 4S Cellular Phones
- (180) Apple iPhone 5 Cellular Phones
- (7) Samsung Galaxy Note II Cellular Phones
- (7) Blackberry Z10 Cellular Phones

E. Twenty (20) Assorted Cellular Devices Valued at $5,900, seized on or about April 10, 2013 at 10XXX Telegraph Road, Taylor, Michigan, by the United States Secret Service, pursuant to the execution of a Federal Search and Seizure warrant, and being more particularly described as follows:

- (6) Apple iPhone 4S Cellular Phones
- (3) Samsung Galaxy Note II Cellular Phones
- (3) Samsung Galaxy S III Cellular Phones
- (8) Apple iPhone 5 Cellular Phones

The items listed in paragraph 6(A) – (E), and all the subparts therein shall be hereafter referred to as the "Defendant Property."

7. The Defendant Property is in the custody of the United States Secret

4

Service.

## STATUTORY BASIS FOR CIVIL FORFEITURE

8. There is evidence that the Defendant Property is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) as proceeds traceable to violations of 18 U.S.C. §§ 1028 (identity theft), 1341 (mail fraud), 1343 (wire fraud), 2314 (the interstate or foreign transport of stolen merchandise); and under 18 U.S.C. § 981(a)(1)(A) as property involved in money laundering transactions, or attempted transactions, in violation of 18 U.S.C. § 1956(a)(1)(A)(i).

## FACTUAL BASIS FOR CIVIL FORFEITURE

9. The facts supporting the forfeiture of the Defendant Property include, but are not limited to, the following:

    a. Various types of fraud occur against cell phone service providers such as: AT&T, Verizon, T-Mobile and Sprint. Definitions of the various types of fraud are as follows:

        (1) Contract fraud is a scheme where individuals obtain legal contracts with the service providers in order to obtain the subsidized phone included in the contract, with no intention of honoring the contract, but instead with the intention of selling the phone to a recruiter or a business willing to purchase new-in-the-box cell phones

5

for high value. This process defrauds the service provider the actual value of the phone, which was included in the contract at little or no cost to the individual.

(2) Account Takeover is a fraudulent act where an individual poses as an established business account holder to obtain additional cell phone lines with the intent of obtaining new cell phones.

(3) Identity Theft is the process of obtaining the identity of another individual and fraudulently opening cell phone contracts in that person's name with the intent of selling the fraudulently obtained cell phone to a recruiter or business willing to purchase the new cell phone.

(4) Credit Muling is a fraudulent act where an individual enters into a contract with a service provider with the intent to obtain the cell phone at little or no cost. This individual may attempt to open up multiple lines, or often will attempt to open accounts with multiple service providers at the same time, to maximize the number of cell phones they can obtain for later sale to a recruiter or business willing to purchase the new phones for a high value.

(5) A Recruiter is an individual who seeks out other individuals (Credit Mules) willing to enter into legal contracts with

service providers to obtain the little or no cost cell phones. The Recruiters pay the Credit Mules a minimal amount for each new cell phone they are able to obtain. The Recruiter will often drive the Credit Mule to multiple stores in attempt to open multiple accounts. The Recruiter will then sell the new cell phones to a business willing to purchase new cell phones for high value.

b. Since December 2012, agents of the Secret Service have been investigating the activities of iBuy Express, Inc. iBuy Express, Inc. ("iBuy") was incorporated in the State of Michigan on February 10, 2011. According to an annual report filed on November 13, 2012, the general nature and kind of business in which iBuy is engaged in is "Wholesale Cellphones & Electronics."

c. The iBuy storefront located on Telegraph Road in Taylor, Michigan, has a sign identifying the location as "Cell Smart".

d. At all relevant times iBuy was involved in the purchase and transportation of illegally obtained cell phones.

e. At all relevant times the front entrance of the Cell Smart storefront, operating under the iBuy business name, opened to a lobby where an employee is located behind bullet-proof glass. All transactions conducted occurred through bullet-proof glass by way of a turn table.

7

   f. During the course of the investigation numerous individuals were observed entering the iBuy location on Telegraph Road carrying cell phone boxes of Apple iPhones and shopping bags from Apple, Microsoft, T-Mobile and AT&T. Individuals were also observed leaving the store counting large quantities of cash.

   g. Trash pulls conducted during the course of the investigation at the iBuy location on Telegraph Road in Taylor, Michigan revealed items such as plastic shopping bags from AT&T, Best Buy, Verizon Wireless, the Apple store and Radio Shack. Also found during trash pulls were SIM cards from various service providers and customer receipts for purchase of Apple iPhones from AT&T and Verizon Wireless, which were shipped to locations Michigan. SIM cards are required for many cell phones in order form them to connect to the specified carrier's network. The SIM cards contain the account identification assigned to the phone. The presence of SIM card in the trash is evidence that iBuy was "unlocking" or "hacking" phones that are purchased so that the phones could be sold for use in overseas markets. Many of the discarded SIM cards belonged to cell phone accounts that were opened fraudulently. It was also discovered during the course of the investigation that iBuy operated a warehouse with regular daily pickups of outbound packages. Packages were shipped both domestically and

8

internationally via FedEx.

  h. Border searches were conducted to intercept and search the international packages being sent from the iBuy warehouse location. It was found that multiple packages were being sent to addresses in Hong Kong and Dubai, containing a total of two hundred ninety-nine (299) cell phones identified, of which two hundred fifty-five (255) were further identified by Verizon and AT&T as having been obtained through suspected contract fraud, identity fraud, or theft.

  i. At all relevant times iBuy utilized Citizens Bank of Michigan Account 04536291935 as its main repository for proceeds of the products it sold. Funds in this account were further utilized to promote and fund the future purchases of cell phones.

  j. There were three hundred fifty (350) total wire transfers going into and out of Citizens Bank of Michigan Account 04536291935. Of the (350) wire transfers, $6,871,916.00 were incoming and $3,341,759.00 were outgoing during the time period of January 2, 2013 through March 12, 2013.

  k. iBuy regularly ordered cash deliveries, which were delivered by Total Armored car service. The cash deliveries were funded through Citizens Bank of Michigan Account 04536291935. The cash delivered by armored car was then utilized to purchase additional cell phones obtained through illegal means.

Therefore, Citizens Bank of Michigan Account 04536291935 was being utilized to promote future occurrences of the illegal activity described in this complaint.

l. Based upon the investigation conducted and information obtained therein, it is believed that iBuy is in the business of dealing in illegally obtained electronics, particularly cellular phones, the proceeds of which constitute the Defendant Property.

## CLAIM

10. Plaintiff hereby repeats and re-alleges each and every allegation set forth in paragraphs 1 through 9 above, including the subparagraphs thereunder.

11. The Defendant Property is subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(A) because it is property involved in a transaction or attempted transaction in violation of Section 1956, or any property traceable to such property, and also pursuant to 18 U.S.C. § 981(a)(1)(C) because the property constitutes or is derived from proceeds traceable to violations of Title 18 U.S.C. §§ 1028, 1341, 1343, 1956 and 2314.

## RELIEF

Plaintiff, United States of America, respectfully requests that a warrant for arrest of the Defendant Property be issued; that due notice be given to all interested parties to appear and show cause why the forfeiture should not be decreed; that

judgment be entered declaring the Defendant Property condemned and forfeited to the United States of America for disposition according to law; and that the United States of America be granted such other and further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Respectfully submitted,

BARBARA L. McQUADE
United States Attorney

/s/ Gjon Juncaj
GJON JUNCAJ
Assistant U.S. Attorney
211 W. Fort Street, Suite 2001
Detroit, Michigan 48226
(313) 226-9623
(P63256)

Dated: September 19, 2013

## VERIFICATION

I, Ryan Holmes, am a Special Agent with the United States Secret Service ("USSS"). I have read the foregoing Complaint for Forfeiture and assert under penalty of perjury of the laws of the United States that the facts contained therein are true to the best of my knowledge and belief, based upon knowledge possessed by me and/or on information received from other law enforcement officers and agents.

_____
Ryan Holmes, Special Agent
United States Secret Service (USSS)

Dated: September 18, 2013